**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE L. THOMAS,**                                                                                    **PETITIONER**

**v.                                                    CIVIL ACTION NO.:  4:14CV65-NBB-JMV**

**RON KING,**                                                                                                **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Willie L. Thomas, Mississippi prisoner K4667, for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Petitioner has responded to the motion.  The matter is now ripe for resolution.  For the reasons set forth below, Respondent's motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

In the Circuit Court of Bolivar County, Mississippi, Petitioner was convicted of attempted sexual battery of a nineteen year-old intellectually disabled female and was sentenced on November 10, 2000, to serve a term of fifteen years in the custody of the Mississippi Department of Corrections.  (Mot. to Dismiss, Ex. A).  The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence on August 20, 2002.  *Thomas v. State*, 824 So. 2d 648 (Miss. Ct. App. 2002) (Cause No. 2000-KA-01962-COA); (Mot. to Dismiss. Ex. B).  Petitioner filed an motion for rehearing that was denied as untimely by Order filed on November 26, 2002.  (Mot. to Dismiss, Ex. C).

Thereafter, Petitioner signed an application for State post-conviction relief that was notarized by prison officials on October 3, 2003, and was stamped as "filed" with the Mississippi Supreme Court on November 5, 2003.  (Mot. to Dismiss, Ex. D).  This application was denied by

Order filed February 4, 2004, and Petitioner's subsequent motion for rehearing was denied by Order filed April 7, 2004. (Mot. to Dismiss, Exs. E and F). Petitioner filed a second State post-conviction application in January 2014. (Mot. to Dismiss, Ex. G). That application was denied by Order filed February 20, 2014. (Mot. to Dismiss, Ex. H). Petitioner then filed for the instant petition for federal habeas relief, dating the petition "April 2014." (ECF No. 2, p.18). The petition was mailed on May 1, 2014, and it was stamped as "filed" in this Court on May 5, 2014. (ECF No. 2, pp.1 and 26).

On August 18, 2014, Respondent filed a motion to dismiss the instant action, arguing that the petition is untimely. In response, Petitioner filed a "Motion to Reconsider" the motion to dismiss, asserting that his claims are jurisdictional and require the Court's consideration despite the timing of his federal habeas petition.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Analysis

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking further direct review in the state court expires." *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner had fourteen days following the decision on direct appeal in which to seek rehearing. *See* Miss. R. App. P. 40(a). Petitioner did not timely seek discretionary review, as evidenced by the fact that his petition for rehearing was dismissed as untimely. As such, his conviction became final, and the federal limitations period began to run, when the time expired for him to seek such review – September 3, 2002, fourteen days after his conviction was affirmed on August 20, 2002.[1] *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court,

---

[1] The exceptions set forth in § 2244(d)(1)(B-D) are not applicable in this case.

"the judgment becomes final at the 'expiration of the time for seeking such review'– when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, Petitioner must have filed a "properly filed" application for post-conviction relief on or before September 3, 2003, to toll the limitations period, or his federal habeas petition would be filed too late.

Petitioner's first post-appeal State court filing - his October 3, 2003 application for post-conviction relief - was filed after the September 3, 2003, deadline expired. Accordingly, none of Petitioner's post-conviction filings in State court entitle him to statutory tolling of AEDPA's statute of limitations for his federal habeas petition. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending).

Petitioner's federal habeas petition was "filed" sometime between the date it was signed, which was purportedly sometime in April 2014, and when it was received in this Court on May 5, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Even giving Petitioner the benefit of the April filing date, his petition was filed well beyond the AEDPA's filing deadline.

Nonetheless, Petitioner maintains that the Court must review the merits of his claims because he is "innocent of the crime of attempted sexual battery." (ECF No. 2, p. 17). The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The requirement of "proof" is not met, however, unless the petition "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* In this case, that Petitioner is claiming, as he did in State court, that because his DNA was recovered from around the victim's genitalia, he completed the crime of sexual battery and cannot be convicted of its attempt. *See Thomas*, 824 So. 2d at 649.

4

However, as the State court noted, "the statute prohibiting prosecution for attempt" when the intended offense is completed, Miss. Code Ann. § 97-1-9, "'does not cover a case wherein it is doubtful that the offense attempted was actually completed by the accused[.]'" *Id.* (citing *Holley v. State*, 166 So. 924, 924 (Miss. 1936)). The appellate court determined that the prosecution could have reasonably concluded that there was insufficient evidence in this case as to whether penetration as defined by the law actually occurred, noting that the victim was severely intellectually disabled and could not testify at trial. *Id.* The Court determines that Petitioner has failed, therefore, to show that he is actually innocent of the charged offense based on his allegation that he completed the intended crime.

The Court also notes that Petitioner alleges that the indictment against him was defective, as it did not charge an overt act done toward the commission of the crime. Petitioner was indicted for sexual battery pursuant to Miss. Code Ann. § 97-3-95(1)(b), which provides that "[a] person is guilty of sexual battery if he or she engages in sexual penetration with. . . a mentally defective, mentally incapacitated or physically helpless person." Miss. Code Ann. § 97-3-95(1)(b). The purpose of an indictment is to notify a defendant of the charge against him, and the indictment is sufficient when it provides an accused with notice. *See Ishee v. State*, 799 So. 2d 70, 76 (Miss. 2001). Here, the indictment charged Petitioner with "attempt to engage in sexual penetration with [the victim], a mentally defective, mentally incapacitated or physically helpless person." (*See* ECF No. 2, 19). The indictment against Petitioner put him on notice of the nature of the charge against him. The Court finds that Petitioner's claim of "actual innocence" is insufficient to constitute an exception to the limitations period in this case.

Therefore, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Petitioner maintains that he was previously "mentally incompetent" to file a petition because he was

"heavily sedated on Haldol and other psychotic medication." (ECF No. 2, p. 17). The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citations omitted). The Fifth Circuit has also held that equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

The Court notes that Petitioner has not presented any evidence that he suffers from an incompetence that renders him incapable of understanding and managing his legal affairs. Assuming as true that Petitioner does have a mental illness, the Court nonetheless notes that he was capable of filing two separate *pro se* applications for post-conviction relief in State court after he was convicted. Accordingly, there is insufficient evidence that his alleged mental illness prevented him from timely filing his federal habeas petition, and his allegations are insufficient to warrant equitable tolling of the federal limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999); *see also Pena v. Johnson*, 37 F. App'x 91, 2002 WL 1022044, at *1 (5th Cir. May 14, 2002) (affirming dismissal of habeas petition as untimely and holding that equitable tolling did not apply based on allegations of incompetence where alleged incompetence did not prevent petitioner from pursuing rights during the relevant time period). Therefore, Respondent's motion will be granted, and the instant petition will be dismissed as untimely.

## Certificate of Appealability

Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief, which he may do by making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. A certificate of appealability is **DENIED**, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). All pending motions are **DISMISSED** as moot. A final judgment will enter separately.

**SO ORDERED** this the 23rd day of September, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**